# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

24-1758
CRIMINAL

**UNITED STATES OF AMERICA,**
Appellee,

v.

**ARMANI EUGENE GATES,**
Appellant.

*APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA*
*HONORABLE STEPHEN H. LOCHER, U.S. DISTRICT COURT JUDGE*

## BRIEF OF APPELLEE

**Richard D. Westphal**
*United States Attorney*

**Kristin M. Herrera**
**Andrew H. Kahl**
*Assistant U.S. Attorneys*

Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel:   (515) 473-9300

Attorneys for Appellee

# SUMMARY OF THE CASE

In this criminal case, Armani Eugene Gates challenges the substantive reasonableness of his below-guidelines sentence for a series of drug and firearms offenses. Gates says that the district court unreasonably weighed the statutory factors noting, for example, his age, drug addiction, and family environment. But the district court did consider these factors, along with others, such as the serious nature of Gates's offenses, the need to protect the public from further crimes, and deterrence. The fact that the district court did not weigh these factors in the manner that Gates prefers does not amount to an abuse of discretion. This Court should affirm.

# STATEMENT REGARDING ORAL ARGUMENT

The United States believes oral argument is unnecessary.

# TABLE OF CONTENTS

SUMMARY OF THE CASE ................................................................................... i

STATEMENT REGARDING ORAL ARGUMENT ..................................... i

TABLE OF CONTENTS ..................................................................................... ii

TABLE OF AUTHORITIES ............................................................................... iii

STATEMENT OF THE ISSUE ............................................................................ 1

STATEMENT OF THE CASE ............................................................................. 1

SUMMARY OF THE ARGUMENT .................................................................. 7

ARGUMENT .......................................................................................................... 7

Gates's sentence was substantively reasonable.
    A.    Standard of review ............................................................................... 7
    B.    Argument ............................................................................................. 10

CONCLUSION .................................................................................................... 11

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ........................ 12

CERTIFICATE OF SUBMISSION AND VIRUS SCAN ........................ 13

CERTIFICATE OF SERVICE ........................................................................... 14

# TABLE OF AUTHORITIES

**CASES:**

*Gall v. United States*, 552 U.S. 38 (2007) .............................................. 7, 8

*United States v. Canania*, 532 F.3d 764 (8th Cir. 2008) .......................... 9

*United States v. Deering*, 762 F.3d 783 (8th Cir. 2014) ........................... 8

*United States v. Gant*, 663 F.3d 1023 (8th Cir. 2011) .............................. 8

*United States v. Garcia*, 946 F.3d 413 (8th Cir. 2019) .............................. 9

*United States v. Holdsworth*, 830 F.3d 779 (8th Cir. 2016) ...................... 9

*United States v. Jenkins*, 758 F.3d 1046 (8th Cir. 2014) ........................ 10

*United States v. Johnson*, 812 F.3d 714 (8th Cir. 2016) .......................... 8

*United States v. Merrell*, 842 F.3d 577 (8th Cir. 2016) ............................ 9

*United States v. Saguto*, 929 F.3d 519 (8th Cir. 2019) ............................ 8

*United States v. Williams*, 624 F.3d 889 (8th Cir. 2010) .......................... 9

Appellate Case: 24-1758    Page: 4    Date Filed: 07/18/2024 Entry ID: 5414752

## STATEMENT OF THE ISSUE

**Whether Gates's sentence was substantively reasonable.**
1. *Gall v. United States*, 552 U.S. 38 (2007)
2. *United States v. Saguto*, 929 F.3d 519 (8th Cir. 2019)
3. *United States v. Canania*, 532 F.3d 764 (8th Cir. 2008)

## STATEMENT OF THE CASE

Armani Eugene Gates, an OMB gang member, was the leader of an organization responsible for the distribution of over 3.5 kilograms of fentanyl. (PSR p. 15, ¶ 65.) Further, he assisted with the straw purchase, trafficking, and possession of numerous firearms for the OMB organization. (Sent. Tr. 14; PSR pp. 7-15, ¶¶ 14, 16, 18, 20, 24, 44-45, 56, 58-62, 64.) At least two of those guns were used in gang-related shootings, while several more were recovered after being converted to a machinegun and/or having attached high capacity magazines. (PSR pp. 7-15, ¶¶ 13-14, 16, 18, 20, 23-24, 44-45, 60-61.) Gates did all of this while on state probation for a gun-related crime. (PSR p. 18, ¶ 90.) This multi-layered criminal conduct spanned over years, with each layer further described below.

*Drug trafficking*

Gates was the undisputed ringleader of an armed drug trafficking operation responsible for the distribution of over 3.5 kilograms of fentanyl. (R. Doc. 129, at 18; PSR pp. 15-16, ¶¶ 66, 81.) The conspirators distributed this fentanyl in the form of counterfeit M30 pills which, as acknowledged by the sentencing court, is "a dangerous drug" that has led to "a spike in fentanyl overdose deaths." (Sent. Tr. 51.) Gates personally acquired and distributed thousands of these fentanyl pills. (PSR pp. 10-15, ¶¶ 26, 28-38, 42, 44-57, 64.) But, he also used others to help him with his drug operation. (PSR pp. 7-15, ¶¶ 12, 26, 29, 33, 34-42, 45-50, 55, 57, 63.) This included other OMB gang members, as well as minors. (*Id.*) Firearms were prolific in this operation, including Gates utilizing those to whom he was selling the highly addictive pills to straw purchase him firearms. (PSR pp. 7-15, ¶¶ 13-14, 16, 18, 20-25, 44-45, 56, 58-64.)

*Firearms activity*

Overlapping with Gates's drug trafficking was his illegal firearms acquisition and possession. Gates illegally acquired guns through various methods, including utilizing drug customers as straw purchasers. (PSR pp. 8-15, ¶¶ 18, 20, 24, 44-45, 56, 58-61.) Then, Gates would either

2

personally possess the guns, or transfer them to his fellow gang members and drug traffickers. (*Id.*)

To that end, Gates orchestrated the straw purchase of at least six separate firearms and illegally possessed (as a drug user) several more guns. (PSR pp. 7-15, ¶¶ 13-14, 16, 18, 20, 24, 44-45, 56, 58-61.) The guns Gates illegally obtained and possessed were, collectively, found in the possession of five different OMB gang members (all of whom were prohibited from having firearms), used in at least two separate gang-related shootings, had been converted into a machinegun, had a double extended magazine attached, and had a 50-round drum magazine attached. (*Id.*) When a federal search warrant was executed at Gates's home in July 2023, officers found a loaded gun with an extended magazine alongside M30 fentanyl pills. (PSR p. 15, ¶ 62.)

*Gang activity*

Overarching and inextricably intertwined with all of this activity is Gates's gang-involvement. It's undisputed Gates was a member of a criminal street gang—OMB. (Sent. Tr. 42-43.) Gates's drug- and firearms-related activity injected life and longevity into his gang. (Sent. Tr. 11, 14, 16.) It ensured that the gang had funding via drug

3

proceeds. And could defend itself against rivals with the guns Gates procured. (Sent. Tr. 12-14, 37-38; PSR pp. 8-9, ¶¶ 16, 18, 20, 24.) That gang's glorification of their criminal lifestyle via publicized rap videos and social media posts further ensured the gang's longevity, as they were used as a powerful recruiting tool for new members. (Sent. Tr. 18-22; GX3[1].) In short, OMB stood for violence and drug trafficking, and Gates provided "a direct line" to "some of the most serious acts of violence that [have occurred] in the community." (Sent. Tr. 52.)

*Procedural history*

A grand jury indicted Gates in July 2023 for various counts regarding his drug trafficking, firearms straw purchasing and trafficking, and illegal firearms possession. (R. Doc. 2.) The indictment was superseded the next month, adding more charges against Gates and others. (R. Doc. 76.) Gates pled guilty to six such counts. (R. Doc. 107.) Specifically, conspiracy to distribute over 400 grams of fentanyl, possessing a gun in connection with drug trafficking, drug user in possession of a firearm, firearms trafficking conspiracy, and straw

---

[1] Government's audio/video Ex. 3 is transmitted to the Court with this brief.

purchasing conspiracy. (R. Doc. 107.) At sentencing, Gates received a sentence of 276 months' imprisonment, a 46-month downward variance from the bottom of the guideline range. (R. Doc. 140; Sent. Tr. 55-56.)[2]

At sentencing, the district court (Hon. Stephen H. Locher, Judge) considered the factors set forth in 18 U.S.C. § 3553(a). (Sent. Tr. 50.) The court found that Gates's crimes were "unquestionably serious," noting the connection between the gun offenses and straw purchasing conspiracy with "some of the gang-related disputes and shootings that we've had in the Des Moines area over the last several years;" and, separately, noting the dangerousness of fentanyl, which was the subject of the drug conspiracy. (Sent. Tr. 51.) The court pointed to Gates's leadership role in the OMB gang, and that some of the guns purchased for Gates "ended up being involved or being connected in gang-related shootings." (Sent. Tr. 52.) In Gates's favor, the court noted his lack of criminal history points and Gates's youthful age. (Sent. Tr. 52-53.) The court observed "that age and immaturity were part of the conduct here."

---

[2] Gates faced a guidelines range of 262-327 months, plus a consecutive 60-month sentence for possession of a firearm in furtherance of a drug trafficking crime – which, as the district court observed, was the functional equivalent of a range of 322-387 months. (Sent. Tr. 3.)

(Sent. Tr. 53.) The court also recognized Gates's family support. (Sent. Tr. 54-55.)

The court again commented on the seriousness of Gates's 2-3 year involvement in criminal activity: "the drugs, the guns, the gang rivalries and disputes, the escalation of all of them." (Sent. Tr. 54.) The court also pointed to other sentencing factors, such as the need to protect the public from further crimes and the need for deterrence. (Sent. Tr. 54.) The court took into account the sentencing guidelines applicable to Gates's offense, which it thought was "a little too high primarily because of Mr. Gates' age." (Sent. Tr. 55.)

The court accordingly varied down from the advisory guideline range, imposing a 216-month sentence on the underlying drug charges to be followed by a 60-month consecutive sentence for possession of a firearm in furtherance of a drug trafficking offense, for a total sentence of 276 months. (Sent. Tr. 55.) [3] Gates now appeals, arguing he should have received an even bigger reduction.

---

[3] The other charges carried sentences of 120 and 180 months, and they were ordered to run concurrently with the sentence for the drug charge. (Sent. Tr. 56.)

# SUMMARY OF THE ARGUMENT

The district court's below-guideline sentence of 276 months was substantively reasonable, explicitly based on the Section 3553(a) factors. Although the district court did not vary downward as far as Gates would have preferred, it did take into account his youth and other personal characteristics. Of course, the court also appropriately weighed other Section 3553(a) factors, such as the seriousness of Gates's offenses, the need to protect the public, and the need for adequate deterrence. In sum, the district court carefully weighed the 18 U.S.C. § 3553(a) factors, and it did not abuse its wide discretion by not varying even further below the recommended guidelines range.

# ARGUMENT

**Gates's sentence was substantively reasonable.**

## A. *Standard of review*

"Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). First, the Court considers whether the district court committed a "significant procedural error," which Gates does not allege. *Id.*; *accord*

7

*United States v. Gant*, 663 F.3d 1023, 1029 (8th Cir. 2011). The Court then "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51.

The appellate court's "review of the substantive reasonableness of sentences is 'narrow and deferential,' and . . . it is only the 'unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.'" *United States v. Saguto*, 929 F.3d 519, 525 (8th Cir. 2019) (quoting *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc)). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Johnson*, 812 F.3d 714, 715 (8th Cir. 2016) (per curiam) (quoting *United States v. Cook*, 698 F.3d 667, 670 (8th Cir. 2012)). "[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Deering*, 762 F.3d 783, 787 (8th Cir. 2014) (alteration in original) (quoting

8

*United States v. Moore*, 581 F.3d 681, 683 (8th Cir. 2009)); *see also United States v. Merrell*, 842 F.3d 577, 585 (8th Cir. 2016) (similar).

The "district court has 'wide latitude' to weigh the § 3553(a) factors and to 'assign some factors greater weight than others.'" *United States v. Garcia*, 946 F.3d 413, 419 (8th Cir. 2019) (quoting *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009)). If the district court does not give a factor as much as weight as the defendant prefers that does not justify reversal. *United States v. Holdsworth*, 830 F.3d 779, 786 (8th Cir. 2016). Although the sentencing court must explain the reasons for the sentence, it is not necessary for it to address every argument the defendant makes. *United States v. Williams*, 624 F.3d 889, 898 (8th Cir. 2010).

As Gates acknowledges, a sentence within or below the guidelines range is presumed reasonable on appeal, and it is his "burden to rebut the presumption and show that the sentence should have been lower." (Br. 15, citing *United States v. Robison*, 759 F.3d 947, 950 (8th Cir. 2014) and *United States v. Hoeffener*, 950 F.3d 1037, 1046 (8th Cir. 2020).); *see also United States v. Canania*, 532 F.3d 764, 773 (8th Cir. 2008).

9

## B. Argument

The district court did not abuse its wide discretion in imposing Gates's sentence, and Gates has not rebutted the appellate presumption of reasonableness. Gates suggests that his "age and immaturity" were factors that should have led to a lower sentence (Br. 16), and he also points to his "need … for drug treatment and vocational training" as well as his "strong community ties, and family support." (Br. 17.)

The district court, however, thoroughly discussed the factors set forth in 18 U.S.C. § 3553(a), and made explicit reference to many of the factors noted in Gates's brief, to include his age and immaturity and his strong family support. (*See* Sent. Tr. 53, 54-55.) [4] But the district court also had to consider factors that didn't militate in favor of a shorter sentence: the duration of his serious criminal conduct, his leadership role, the introduction of guns and dangerous drugs into the community, and the need for adequate deterrence, among others. (*See* Sent. Tr. 54.)

---

[4] Although the court didn't explicitly mention Gates's need for vocational training, it was argued by Gates's counsel (Sent. Tr. 40) and, thus, clearly was known to the court. *See United States v. Jenkins*, 758 F.3d 1046, 1050 (8th Cir. 2014).

10

The district court did not abuse its discretion by imposing a presumptively reasonable below-guidelines sentence, particularly under the narrow and deferential standard this Court applies on appeal.

## CONCLUSION

Gates's sentence should be affirmed.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/ Kristin M. Herrera*
Kristin M. Herrera
Andrew H. Kahl
Assistant U.S. Attorneys

Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because this brief contains 2008 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft 365 Word in Century Schoolbook font, 14 point.

Dated: July 17, 2024.

By: */s/ Kristin M. Herrera*
Kristin M. Herrera
Assistant United States Attorney

Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292

## CERTIFICATE OF SUBMISSION AND VIRUS SCAN

I hereby certify that on this 17th day of July 2024, I electronically submitted the BRIEF OF APPELLEE with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system after scanning it for viruses by using the McAfee Endpoint Security scan software program, which reported no viruses were found. Paper copies will be transmitted upon receipt of the Notice of Filing from the Clerk of Court.

*/s/ Dawn Thomas*
Paralegal Specialist

## CERTIFICATE OF SERVICE

I hereby certify that I did on this _____ day of July 2024, mail a true and correct copy of the foregoing BRIEF OF APPELLEE by placing it in the U. S. mail, postage prepaid and addressed to the following:

F. Montgomery Brown
Attorney at Law
1001 Office Park Rd., Ste. 108
West Des Moines, IA 50265

 

_____
Name
Title

Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tele: (515) 473-9300
Fax:  (515) 473-9292

14